IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Mamie Jackson, | ) | C/A No.  3:14-4922-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Richland County Penny Tax; South Carolina | ) | **REPORT AND RECOMMENDATION** |
| Department of Revenue; Richland County | ) | |
| Treasurer; Richland County Council; Columbia | ) | |
| City Council; Central Midlands Regional Transit | ) | |
| Authority; University of South Carolina; D. | ) | |
| Huggins, *University of South Carolina Vice* | ) | |
| *President, individually and as a representative* | ) | |
| *of the City of Columbia to the CMRTA Board*; | ) | |
| Mr. Robert Schneider, *Director of CMRTA,* | ) | |
| *individually and in his official capacity*; #63 | ) | |
| Garnet bus shuttle; McNair Law Firm; Frannie | ) | |
| Heizer, *individually as an attorney at law and as* | ) | |
| *a member of the McNair Law Firm,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Mamie Jackson ("Plaintiff"), proceeding *pro se*, brings this action pursuant to

42 U.S.C. § 1983 alleging a violation of her civil rights.  This matter is before the court pursuant to

28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.  Having reviewed the Complaint in

accordance with applicable law, the court concludes that it should be summarily dismissed.

I.    **Factual and Procedural Background**

Plaintiff alleges that the Richland County Penny Tax, passed by ballot, has been deliberately

misused to fund the #63 Garnet bus shuttle.  (ECF No. 1 at 1.)  Plaintiff asserts that this shuttle runs

every twenty minutes on all days but Saturday and travels to the "Horseshoe" portion of the

University of South Carolina campus.  (Id. at 2.)  Plaintiff points out that the #63 Garnet bus shuttle does not travel downtown and that no "other bus in the system runs on a twenty minute schedule." (Id.) Plaintiff complains that, on at least two occasions, the shuttle refused to pick her up or refused to wait on Plaintiff.  (Id.)  Plaintiff asserts that the shuttle also refused to let Plaintiff "off at an area that was convenient," but allowed a college student to depart the bus upon request.  (Id.)  Plaintiff attributes the shuttle driver's actions to the fact that Plaintiff is "Black, female, elderly, and working class."  (Id.)  Plaintiff also claims that secret meetings regarding the use of county funds to inappropriately enhance the University of South Carolina's transportation services have been held by the defendants without notice to Plaintiff or the general public.  (Id. at 3.)

As relief, Plaintiff asks this court to order:  (1) the "South Carolina Department of Revenue and the Richland County Treasurer to cease and desist turning over our tax funds to CMRTA;" (2) the placement of "funds in a separate account to be monitored for independent individuals;" (3) removal of all "Board Members that have a conflict of interest and a hidden agenda" not disclosed to the public before taking office; (4) suspension of Defendant Schneider "and all participants who deliberately organized this raid on the county funds that is against state and federal laws;" (5) replacement of all "Board Members in conflict with bus riders;" and (6) identification of "the CMRTA Board, Mr. Robert Schneider, Mr. D. Huggins and other unknown parties at USC, Attorney Frannie Heizer and other unknown parties at the McNair Law Firm, members of the Columbia City Council, members of the Richland Council and unknown John and Jane Does presently unknown who have conspired together and forward the issues to law enforcement."

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint.  This court is required to liberally construe pro se complaints.  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, <u>id.</u>; <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Cruz v. Beto</u>, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  <u>Erickson</u>, 551 U.S. at 93 (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  <u>See</u> <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).



**B.      Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  To state a claim under § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

**1.      Not a Person—Richland County Penny Tax and #63 Garnet bus shuttle**

It is well-settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." See 42 U.S.C. § 1983; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978).  Courts have held that inanimate objects such as vehicles, buildings, facilities, and grounds are not "persons" and do not act under color of state law.  See Neal v. ORS, C/A No. 6:12-1995-TMC-KFM, 2012 WL 3765175, at *3 (D.S.C. July 26, 2012) (finding that a vehicle is not a "person" under § 1983), adopted by 2012 WL 3639721 (D.S.C. Aug. 23, 2012); Jones v. Lexington Cnty. Det. Ctr., 586 F. Supp. 2d 444, 451 (D.S.C. 2008) (holding that a detention center is not a "person" subject to suit under § 1983).  Accordingly, Plaintiff's claims against the Richland County Penny Tax[1] and #63 Garnet bus shuttle are subject to summary dismissal because these defendants are not "persons" amenable to suit under § 1983.

---

[1] To the extent the Richland County Penny Tax may be considered a municipal entity, it is still entitled to summary dismissal as discussed below.



### 2.    No State Action—McNair Law Firm; Frannie Heizer, Attorney

"Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." Filarsky v. Delia, 132 S. Ct. 1657, 1661 (2012).  However, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1983); Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001).  In determining whether state action is present, no single factor is determinative and the "totality of the circumstances" must be evaluated.  See Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 341-43 (4th Cir. 2000).

Plaintiff identifies McNair Law Firm as a private company and Defendant Frannie Heizer as a member of that private law firm.  (ECF No. 1 at 1.)  Plaintiff appears to attribute state action to these defendants by alleging that they "conspired" with state actors to violate Plaintiff's due process rights.  (ECF No. 1 at 3.)  However, Plaintiff provides no factual allegations to support this conclusory statement, and, while the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim.[2]  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  Moreover, the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  Id.  As Plaintiff fails to demonstrate that Defendants McNair Law Firm and Frannie Heizer are state actors

---

[2] The courts notes that Plaintiff provides no factual support for her allegation that the defendants "met in secret" or in any way conspired to violate Plaintiff's constitutional rights.  (ECF No. 1 at 3.)  Conspiracy allegations must amount to more than "rank speculation and conjecture," and a plaintiff must provide factual allegations to, "at least, reasonably lead to the inference that [the defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan."  Hinkle v. City of Clarksburg, 81 F.3d 416, 421-22 (4th Cir. 1996).  Thus, Plaintiff's conspiracy claims are subject to summary dismissal as to all defendants.



amenable to suit under § 1983, the Complaint's claims against them are subject to summary dismissal.

### 3. Sovereign Immunity—South Carolina Department of Revenue; University of South Carolina; D. Huggins, as Vice President of the University

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities and employees. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984); see also Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (claims against a state employee for actions taken in an official capacity are tantamount to a claim against the state itself). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[3] Therefore, Plaintiff's claims against the state agency defendants and Plaintiff's claims against Defendant Huggins[4] in his official capacity are

---

[3] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

[4] The court notes that state officials can be sued for prospective injunctive relief. See Ex parte Young, 209 U.S. 123 (1908). However, in this case Plaintiff fails to seek such relief against Defendant Huggins. Further, to the extent Plaintiff asks this court to compel state action via a writ of mandamus, federal courts lack jurisdiction under 28 U.S.C. § 1361 and/or 28 U.S.C. § 1651 to grant such relief. See United States v. Oncology Assocs., 198 F.3d 502, 510 (4th Cir. 1999); Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587-88 nn.2-4 (4th Cir. 1969); In re Ridgway, No. 95-8002, 1995 WL 227268, at *1 (4th Cir. Apr. 18, 1995) ("This Court will not direct the action of state actors through mandamus.").



barred by the Eleventh Amendment.  As such, these defendants are entitled to summary dismissal from this action.

### 4. Municipal Liability—Richland County Treasurer; Richland County Council; Columbia City Council; Central Midlands Regional Transit Authority ("CMRTA"); Mr. Robert Schneider, Director CMRTA; D. Huggins, Representative of the City of Columbia to the CMRTA Board

In Monell, the United States Supreme Court held that a municipality or other local governmental entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights "only where the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.' " Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984) (quoting Monell, 436 U.S. at 694); see also Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Walker v. Prince George's Cnty., 575 F.3d 426, 431 (4th Cir. 2009).  Thus, a plaintiff who seeks to assert a § 1983 claim against a municipality for acts done by a municipal official or employee is obliged to identify a municipal policy or custom that caused the plaintiff's injury. However, the instant Complaint contains no factual allegations to show that the actions of which Plaintiff complains were done in furtherance of any policy, custom, or practice of the municipal defendants.  Instead, Plaintiff asserts misuse of the Richland County Penny Tax via a "hidden agenda" and secret meetings.  (ECF No. 1 at 2-3.)

Further, to the extent the Complaint attributes the alleged wrongful actions of unidentified employees to these defendants "municipalities are not liable pursuant to *respondeat superior* principles for all constitutional violations of their employees simply because of the employment relationship." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999) (citing Monell, 436 U.S. at 692-94).  Moreover, a municipality may not be held liable under § 1983 solely because it



employs the tortfeasor.  Bd. of Cnty. Comm'rs v. Brown, 520 U.S. at 403.  As Plaintiff has alleged

no actionable conduct by the municipal defendants, they are also entitled to summary dismissal from

this case.

## III.    Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without

prejudice and without issuance and service of process.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 30, 2015
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).