**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Mamie Jackson, ) | Civil Action No. 3:14-4922-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Richland County Penny Tax; South Carolina ) | |
| Department of Revenue; Richland County ) | |
| Treasurer; Richland County Council; ) | |
| Columbia City Council; Central Midlands ) | |
| Regional Transit Authority; University of ) | |
| South Carolina; D. Huggins, *University of* ) | |
| *South Carolina Vice President, individually* ) | |
| *and as a representative of the City of* ) | |
| *Columbia to the CMRTA Board*; Mr. Robert ) | |
| Schneider, *Director of* CMRTA, *individually* ) | |
| *and in his official capacity*; #63 Garnet bus ) | |
| shuttle; McNair Law Firm; Frannie Heizer, ) | |
| *individually as an attorney at law and as a* ) | |
| *member of the Mcnair Law Firm*, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Mamie Jackson ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action against Defendants pursuant to 42 U.S.C. § 1983 alleging that they conspired to use the Richland County Penny Tax to fund a University of South Carolina shuttle driven by employees who discriminate against her based on her race, age, and socioeconomic status. ECF No. 1. Plaintiff concluded, with no factual support, that Defendants "met in secret . . . to use county funds . . . to enhance USC transportation services," which was a violation of her rights. ECF No. 1 at 3. Specifically, Plaintiff asserted that the county funds unlawfully used by Defendant South Carolina Department of Revenue for the benefit of Defendant University of South Carolina should be used

1

to enhance services offered by Defendant Central Midlands Regional Transit Authority ("CMRTA"). ECF No. 11 at 4. Instead, according to Plaintiff, the CMRTA, which is primarily used by Black, working class residents, offers a less-efficient system in comparison to the University of South Carolina shuttle system primarily used by White students in violation of federal law. *Id.*

This matter is before the court pursuant to 28 U.S.C. § 1915(e)(2)(B) (2006), which requires the court to dismiss civil actions filed in forma pauperis if they are frivolous or fail to state a claim upon which relief can be granted. In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on January 30, 2015, recommending that the complaint be summarily dismissed without prejudice and without issuance and service of process. ECF No. 9. Plaintiff filed objections to the Report and Recommendation on February 17, 2015. ECF No. 11.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* review of any portions of the Report and Recommendation to which a specific objection is made. *Id.* The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Plaintiff's objections do not direct the court to a specific error in the Magistrate Judge's

Report and Recommendation. *Orpiano*, 687 F.2d at 47-48. Nevertheless, the court has conducted a *de novo* review of the issues in this case and concludes that the Magistrate Judge has properly applied the applicable law. The court specifically reviewed those conclusions of the Magistrate Judge which were mentioned in Plaintiff's objections. First, the Magistrate Judge properly analyzed Plaintiff's claims pursuant to 42 U.S.C. § 1983. Section 1983 is used to vindicate federal rights and impose civil liability on those who act under the color of the law to deprive citizens of their rights. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979). In applying the section 1983 analysis, the Magistrate Judge properly found that an action pursuant to the statute could not be maintained against Defendants Richland County Penny Tax and #63 Garnet bus shuttle because neither entity qualifies as a "person" under the statute. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). The Magistrate Judge was also correct in determining that the action could not be maintained against the private defendants–McNair Law Firm and attorney Frannie Heizer–because purely private conduct is not actionable under section 1983, and Plaintiff provided no factual allegations to demonstrate that their actions could be attributed to the state. Additionally, the Magistrate Judge also properly determined that the municipal defendants–Richland County Treasurer; Richland County Council; Columbia City Council; Central Midlands Regional Transit Authority ("CMRTA"); Mr. Robert Schneider, Director of CMRTA; D. Huggins, Representative of the City of Columbia to the CMRTA Board–could not be held liable under section 1983 because Plaintiff's complaint contains no factual allegations to show that the actions complained of were conducted in furtherance of any policy, custom, or practice of the municipal defendants. Additionally, to the extent that Plaintiff impliedly attributed the alleged wrongful actions of the unidentified employees to the municipal defendants, the Magistrate Judge properly found that the

municipal defendants could not be held liable under section 1983 simply by employing the alleged tortfeasors. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

Second, even assuming that Plaintiff's allegations with regard to the use of funds are true, *see* ECF No. 11 at 4, the Magistrate Judge concluded that the State defendants–South Carolina Department of Revenue; University of South Carolina; D. Huggins, as Vice President of the University–could not be sued in federal court because they have sovereign immunity pursuant to the Eleventh Amendment. *See Alden v. Maine*, 527 U.S. 706, 712-13 (1999). Congress has not specifically abrogated the states' sovereign immunity through section 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and South Carolina has not consented to being sued in federal court, S.C. Code Ann. § 15-78-20(e). As such, the Magistrate Judge properly determined that the aforementioned state defendants could not be sued in federal court. Finally, in her objections, Plaintiff contends that the #63 Garnet shuttle bus is a part of the CMRTA, which she asserts is a corporation, and courts have determined that "corporations are persons under the campaign finance act." ECF No. 11 at 5. The Magistrate Judge properly determined that CMRTA was a municipal entity, not a corporation, and that the scant allegations in the complaint failed to support a claim for which relief could be granted.

Based upon the foregoing, the court adopts and incorporates herein by reference the Report and Recommendation of the Magistrate Judge. The court further notes that Plaintiff's complaint alludes to a claim for relief pursuant to 42 U.S.C. § 1981, which does not require the defendants to have taken action attributable to the state in order for the action to be maintained. Even assuming that Plaintiff intended to bring a claim pursuant to section 1981 with respect to Defendants McNair Law Firm and Frannie Heizer, Plaintiff failed to allege sufficient facts to show that those defendants

4

intentionally discriminated against her on the basis of race concerning any of the activities enumerated in the statute.  *See Whitner v. U.S.*, 487 F. App'x 801, 802 (4th Cir. 2012).  As such, Plaintiff failed to state a plausible claim for relief pursuant to section 1981.

Accordingly, because Plaintiff failed to state a claim upon which relief can be granted, Plaintiff's complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

February 23, 2015
Columbia, South Carolina

5